Berke, et al. v. Presstek, et al.    CV-96-347-M   02/20/98

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Bill Berke, et al.

v.                                    Civil No. 96-347-M
                                      MDL No. 1140
Presstek, Inc., et al.


**O R D E R**

Plaintiffs have dismissed their claims against many of the defendants, and have filed a motion for leave to amend their complaint.  The remaining defendants acknowledge the likelihood that plaintiffs would be permitted to amend, but challenge some of the new allegations and documents appended to the amended complaint.  For the reasons that follow, the court grants plaintiffs' motion to amend, and, therefore, denies the currently pending dispositive motions.


I.  **Motion for Leave to Amend Complaint**

As provided in Federal Rule of Civil Procedure 15(a), "leave to amend shall be freely given when justice so requires."  Absent an adequate reason for denial such as bad faith, prejudice to defendants, undue delay, or futility, the court will grant a plaintiff's request to amendment the complaint. Glassman v. Computervision Corp., 90 F.3d 617, 622 (1st Cir. 1996). Defendants have not raised grounds that would suggest that amendment at this stage should not be allowed.  Instead, defendants' objection focuses on the propriety of certain allegations in the amended complaint that refer to the Security

and Exchange Commission consent decrees with the defendants. Defendants' objections should be raised in a motion to strike, which would allow plaintiffs to respond appropriately.

Therefore, plaintiffs' motion to amend (document no. 107) is granted.

## II.  Pending Dispositive Motions

Defendants, including those that have been dismissed, have dispositive motions pending aimed at the prior complaint. Motions filed by defendants that have been dismissed from this suit, Donald Chapman, BDO Seidman LLP, Everen Securities, the Oxley defendants, and the Cabot Money Management defendants (including Robert Lutts), (documents no. 60, 61, 65, 66, and 92) are denied as moot.

The remaining defendants have filed a memorandum explaining the impact of the amendments on their pending motions and request an opportunity to supplement their current motions.  Presstek's motion to dismiss (document no. 63) and motion for summary judgment on accounting allegations (document no. 62) and the Cabot Heritage (Newsletter) defendants' motion to dismiss (document no. 59) are also denied as moot in light of the second amended consolidated class action complaint, but without prejudice to refile appropriate dispositive motions in response to the amended complaint.

Defendants filed a joint motion to dismiss (document no. 88) the Silverman complaint, which is similar to the Berke

2

plaintiffs' previous complaint. The defendants' motion incorporates arguments from the now moot motions to dismiss and also raises a statute of limitations issue. The court granted plaintiff's assented-to motion requesting an extension of time for response to allow her thirty days from the date of the court's resolution of defendants' motions to dismiss the Berke plaintiffs' complaint to respond. Although this order resolves the pending motions to dismiss the Berke plaintiffs' complaint, the motions have been denied as moot. Therefore, the purpose of the extension, to conserve resources by considering the ruling on the other motions before plaintiff's response here, cannot be served as things now stand. In addition, plaintiff Silverman has not moved to amend her complaint, but may intend to do so in light of the Berke plaintiffs' amendment.

Accordingly, in order to keep the anticipated Berke dismissal motions and the Silverman motion on a parallel administrative track, defendants' motion to dismiss (document no. 88) is denied without prejudice to refile. Counsel are encouraged to discuss the matter to determine whether, as the parties decided previously, their interests and resources would be better served by waiting for resolution of any motions to dismiss that may be filed in response to the Berke plaintiffs' amended complaint.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

February 20, 1998

cc:   Edward F. Haber, Esq.
      George R. Moore, Esq.
      Patricia I. Avery, Esq.
      Michael E. Schoeman, Esq.
      Kevin E. Sharkey, Esq.
      Paul D. Young, Esq.
      Mark L. Mallory, Esq.
      Patricia D. Howard, Esq.
      Solomon Cera, Esq.
      Barrie L. Brejcha, Esq.
      Ronald P. Kane, Esq.
      Kenneth A. Cossingham, Esq.
      Thomas J. Pappas, Esq.